■ In the Matter of GARY W. BURBACK, Doing Business as BURBACK FARMS, Petitioner, v JOSEPH GERACE, as Commissioner of the Department of Agriculture and Markets of the State of New York, Respondent. — Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review respondent's determination which revoked petitioner's domestic animal health permit for the period ending March 31, 1982 and refused to renew said permit for the period ending March 31, 1984.

Petitioner is a dairy farmer whose main business is the purchasing and selling of cattle. Petitioner had been granted a domestic animal health permit (DAHP) for the period ending

March 31, 1982 and applied for a new DAHP for the period April 1, 1982 through March 31, 1984. Petitioner was charged with failing to maintain adequate records as required by 1 NYCRR part 61 and a hearing was held to determine whether his DAHP should be revoked and his application denied (*see,* Agriculture and Markets Law § 90-e [10]). The hearing officer's report sustained the charges and recommended that petitioner be fined, but that, in light of improvements in petitioner's record keeping, his DAHP not be revoked and his renewal application be granted. Respondent adopted the hearing officer's findings and conclusions, but rejected the recommendations and revoked the DAHP and denied the application. To challenge this determination, petitioner commenced this proceeding, which has been transferred to this court.

We first reject petitioner's contention that respondent's determination must be annulled because there is not substantial evidence that petitioner violated Agriculture and Markets Law § 90. We note that the references at the administrative level to Agriculture and Markets Law § 90 were not objected to by petitioner and that the final determination by respondent makes proper reference to Agriculture and Markets Law § 90-e. More importantly, it is evident from the record that petitioner understood that the charges against him were for violating record-keeping requirements and we will not allow petitioner to complain about this matter for the first time at this point in the proceedings.

On the merits, our review of the record reveals that there is substantial evidence to support respondent's determination. As the holder of a DAHP, petitioner, whether acting as an agent for other dealers or for himself (1 NYCRR 61.1), was required to keep certain detailed records of all cattle purchased, sold or otherwise handled (1 NYCRR part 61) so as to assist the State in controlling and eradicating disease in domestic animals (*see,* Agriculture and Markets Law § 90-a). Petitioner, who acknowledged at the hearing that his record keeping was poor, failed to keep the required records despite warnings in the past. Furthermore, petitioner's record keeping was not so greatly improved that we can annul respondent's determination to revoke the DAHP and deny the application for a new DAHP as being unsupported by substantial evidence. Accordingly, the determination must be confirmed and the petition dismissed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.